(February 11, 1897.)

# WINTERS v. STATE.

[47 Pac. 855.]

CONTRACT TO BUILD ROAD—EXTRA WORK—AUTHORITY OF LEGISLATURE TO PAY FOR SAME.—W. P. & B., as contractors, built two sections of the state wagon road, under the act of February 16, 1893, according to the survey of the chief engineer, who, under the provisions of said act, established the lines of said road. Said contractors were compelled to do said work under the supervision of said chief engineer. Portions of the two sections so built by the contractors were located so near the Salmon river that they were washed out by high waters, prior to the acceptance of the road by the state. At the direction of the state road commission, and under the supervision of said engineer, the contractors rebuilt the portions so destroyed. The original contract price consumed the entire funds available for said two sections. *Held,* that, under the circumstances, the legislature is authorized to make an appropriation sufficient to pay said contractors for the value of said extra work, and that it would be equitable and just for the legislature so to do.

(Syllabus by the court.)

Original proceeding in supreme court to obtain a recommendatory decision under section 10 of article 5 of constitution.

A. J. Pinkham, for Plaintiffs, files no brief.

Attorney General Robert E. McFarland, for the State, files no brief.

QUARLES, J.—This is a proceeding under section 10 of article 5 of the constitution of Idaho, brought by the plaintiffs to obtain the recommendatory decision of this court touching the equity of a claim asserted by the plaintiffs against the state of Idaho. It appears from the complaint, and from the testimony reported in this proceeding, that the plaintiffs were original contractors, and as such undertook to construct two sections of the state wagon road, constructed under the provisions of the act of the legislature approved February 16, 1893, said two sections being in the counties of Custer and Lemhi; that the plaintiffs constructed said two sections under

the supervision of J. W. Birdseye, the chief engineer selected under the provisions of said act; that the line of said road was selected and surveyed by said chief engineer; that portions of said road were located by said chief engineer along the Salmon river at an elevation too low to prevent the said road from being flooded during high water; that after said sections of the road had been completed by the plaintiffs, but before they were received, portions thereof were washed out by high waters; whereupon the board of commissioners of said state wagon road passed a resolution that the plaintiffs, under the direction of said chief engineer, change and reconstruct said portions, etc., the object being to get said road at the points where overflowed above high water, so that it could be used at all times. Under said resolution it appears that plaintiffs, on that section of the road constructed by them in Lemhi county, did extra work to the extent of $3,757.25, and on the section constructed by them in Custer county to the extent of $2,987. The evidence touching the value of the said extra work before us consists solely of the certificates of the chief engineer, and the vouchers accompanying the same, which are meager and unsatisfactory, but which we have treated as making a *prima facie* case. The original contracts let to plaintiffs by the wagon road commission, as shown by the record before us, exhausted the entire fund available for the construction of said two sections; hence the said commission by law had no authority to employ the plaintiffs to do the said extra work. But it was necessary to do said extra work, and as such work was done by the plaintiffs and is a public benefit, in equity and good conscience the plaintiffs should be paid for such work. Under the provisions of said act, it was the duty of the chief engineer to survey and locate the lines and grade of said state wagon road, and it was the duty of the plaintiffs to construct the two sections aforesaid, contracted for by them, according to the survey and lines as located by said chief engineer. Mistakes, through negligence or otherwise, were made by the said chief engineer in locating the lines of the two sections so constructed by the plaintiffs; but it would neither be just nor equitable to permit the plaintiffs to suffer by reason of the

mistakes or incompetency of the chief engineer, under whose directions they were required to act, and in whose selection they had no voice. We think that the legislature is authorized to make an appropriation sufficient to compensate the plaintiffs for the value of the extra work done by the plaintiffs as aforesaid, and that it would be equitable and right to do so; and we recommend such appropriation. If the legislature has any doubts as to the actual value of said services, it would be proper to require the plaintiffs, or some of them, or other witnesses, to come before the proper committee of the legislature, and testify as to the value of such services. It is hereby directed that the evidence reported to this court by the district court of the third judicial district, and plaintiffs' exhibit "A," "B," "C" and "D," mentioned in said evidence, be attached to a certified copy of this decision, and be delivered to the attorney for the plaintiffs.

Sullivan, C. J., and Huston, J., concurring.